J. C. MEDLIN v. F. S. MILES and His Wife, LOTTIE MILES, and
C. GRESHAM.

(Filed 25 November, 1931.)

1. **Bills and Notes B b—Transfer in this case held to be by qualified
   endorsement and transferer was liable only as assignor.**

   A negotiable instrument transferred by an endorsement reading "for
   value received I hereby sell, transfer and assign all my right, title and
   interest to within note to M." assigns title to the instrument by qualified
   endorsement, exempting the transferer from all liability as a general
   endorser, except that he is still chargeable with implied warranties as a
   seller. C. S., 3019, 3047.

2. **Same—Words qualifying endorsement may either precede or follow
   signature.**

   The words qualifying an endorsement of a negotiable instrument, such
   as "without recourse" and words of like effect, may either precede or
   follow the signature of the transferer of title. C. S., 3019, 3047.

Appeal by plaintiff from *Shaw, Emergency Judge,* at March Term,
1931, of Guilford. Affirmed.

This is an action to recover on certain notes executed by the defend-
ants, F. S. Miles and his wife, Lottie Miles, and payable to the order of
the defendant, C. Gresham.

Plaintiff is the holder in due course of the notes sued on. Each of
said notes was endorsed, before delivery to the plaintiff, as follows:
"For value received, I hereby sell, transfer and assign all my right,
title and interest to within note to J. C. Medlin. This 9 July, 1929.
C. Gresham."

There was judgment by default final, for want of an answer, against
the defendants, F. S. Miles and his wife, Lottie Miles, makers of the
notes, from which judgment there was no appeal.

The defendant, C. Gresham, by his answer to the complaint, denied
liability to the plaintiff on the notes sued on, as alleged therein.

At the trial, the execution of the endorsement on each of the notes
was admitted by the defendant, C. Gresham. The plaintiff testified that
there is now due on said notes the sum of $2,734. No other or further
evidence was offered by plaintiff or defendant.

From judgment dismissing the action as of nonsuit, plaintiff appealed
to the Supreme Court.

*L. Herbin for plaintiff.*
*Z. H. Howerton and E. B. Gresham, Jr., for defendant.*

CONNOR, J. Do the words appearing on the back of each of the notes sued on in this action, over the name of the defendant, as endorser, qualify his endorsement so that he is a mere assignor of the title to said notes, and not a general endorser? This is the question of law involved in this appeal.

It is provided by statute that "a qualified endorsement constitutes the endorser a mere assignor of the title to the instrument. It may be made by adding to the endorser's signature the words 'without recourse,' or any words of similar import. Such an endorsement does not impair the negotiable character of the instrument." C. S., 3019.

It is further provided by statute that "every endorser who endorses without qualification warrants to all subsequent holders in due course (1) the matters and things mentioned in subdivisions one, two and three of the next preceding section; and (2) that the instrument is at the time of his endorsement valid and subsisting. And in addition he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor be duly taken he will pay the amount thereof to the holder or to any subsequent endorser who may be compelled to pay it." C. S., 3047.

Where the words "without recourse" are added to the signature of the endorser on a negotiable instrument, his endorsement is qualified, and the endorser is not liable as a general endorser under the provisions of C. S., 3047. The words appearing on the back of each of the notes sued on in this action, are of similar import as the words "without recourse." In *Evans v. Freeman*, 142 N. C., 61, 54 S. E., 847, it was said by *Walker, J.*, that these words are sufficient when appearing on the back of a negotiable instrument, over the signature of the endorser, to constitute the endorsement a qualified endorsement within the meaning of the statute, with the result that the endorser is not liable to the holder of the instrument as a general endorser. This is the law in this jurisdiction and therefore there is no error in the judgment in this action.

The usual mode of making a qualified endorsement is by adding to the signature of the endorser the words "without recourse," and it is immaterial whether these words follow or precede his signature. Such an endorsement is sufficient to transfer title, but it exempts the transferer from all liability as endorser, except that he is still chargeable with implied warranties as a seller of the paper unless it is otherwise provided by statute. 8 C. J., 369, sec. 550.

An endorsement may be qualified not only by the use of the words "without recourse," but also by the use of words of similar import. In

Arkansas, Illinois and North Carolina such words as those appearing on the back of the notes sued on in this action are held to make the endorsement a qualified one, and to exempt the endorser from liability on the theory that having expressed one of the two legal implications flowing from a general endorsement, the endorser is deemed to have intended to exclude the other implication. The contrary is held in other jurisdictions. 8 C. J., 370, sec. 551.

Upon examination of the decisions involving the question presented by this appeal, and upon consideration of the principles involved, we are of the opinion that the statement of the law by *Walker, J.,* in *Evans v. Freeman, supra,* should be and it is therefore declared to be the law in this State. The judgment is

Affirmed.